**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NANCY CLAFLIN,

        Plaintiff-Appellant,

v.

DENIS MCDONOUGH, Secretary of
Veterans Affairs,

        Defendant-Appellee.

No.   22-15524

D.C. No. 2:19-cv-04718-JJT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted April 20, 2023
Phoenix, Arizona

Before: TALLMAN, OWENS, and BADE, Circuit Judges.

In February 2014, a whistleblower alleged that the Veterans Affairs Health

Care System in Phoenix, Arizona, had used secret waitlists to conceal prolonged

wait times for appointments, and that dozens of veterans had died because of the

VA's failure to provide medical care in a timely manner. That allegation caused a

national political scandal, leading to the resignation of then-VA Secretary Eric

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Shinseki. Other VA officials were either removed or retired. Plaintiff-Appellant Nancy Claflin was the Nurse Executive at the Phoenix VA Medical Center and part of the hospital's five-member senior leadership team, known as the PENTAD. The Director and Associate Director of the PENTAD were placed on leave in May 2014 and later fired. Claflin retired in August 2014. A fourth member of the PENTAD left in June 2015 after seeing the "writing on the wall" about the "desire to change leadership at the Phoenix VA." The final remaining PENTAD member was terminated sometime in 2016.

Claflin alleges her retirement was involuntary and contends these latter two executives—both younger males—received better treatment. She also alleges she was subjected to a hostile work environment. After exhausting her administrative remedies, Claflin sued the VA Secretary alleging she was harassed and forced into retirement because of her gender and age in violation of Title VII, 42 U.S.C. § 2000e-2, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623. The district court granted the Secretary's motion for summary judgment because, even taking the evidence in the light most favorable to Claflin, she could not show satisfactory work performance as required to establish a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The district court also dismissed her hostile work environment claim. We have jurisdiction under 28 U.S.C. § 1291 and review a grant of summary judgment de

novo. *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 685 (9th Cir. 2017). We affirm.

First, to establish a prima facie case of age or gender discrimination under *McDonnell Douglas*, the employee must show that: (1) she is a member of a protected class; (2) she was performing her job satisfactorily; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. *See Hawn v. Exec. Jet Mgmt.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (sex discrimination); *Opara v. Yellen*, 57 F.4th 709, 722 (9th Cir. 2023) (age discrimination). The parties agree Claflin is a member of a protected class under both Title VII and the ADEA because she was female and over forty years old. *See* 29 U.S.C. § 631(a). However, the district court correctly found that Claflin could not establish a prima facie case of discrimination for failure to show that her 2014 performance met the VA's "legitimate expectations." *Reynaga*, 847 F.3d at 691.

"Minor" or "infrequent" performance deficiencies typically will not preclude a plaintiff from establishing a prima facie case of discrimination, but severe or repeated misconduct may. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1208 (9th Cir. 2008). Here, the evidence shows that Claflin, as the senior nursing executive for the Phoenix VA Medical Center, was not meeting the VA's legitimate performance expectations concerning the care of veterans. In July 2014, while the

3

access crisis was making national news, a third-party hospital accreditation agency conducted a surprise inspection of the Phoenix VA and found numerous problems. Relevant to this appeal, the third-party surveyor reported that VA staff in Phoenix feared bullying from senior leadership and thought they would face retaliation for speaking to the surveyor. Glenn Costie, who had been brought in and made Acting Director of the Phoenix VA after the story broke, learned the surveyor was enraged because Claflin had shadowed her through the hospital and was questioning VA staff who had been interviewed about their conversations with the surveyor. Costie testified the surveyor threatened to recommend disapproval of the hospital's accreditation because of Claflin's conduct.

Claflin argues that the district court failed to consider the length of her tenure at the VA and her previous positive performance evaluations. We agree that a plaintiff's history of work without discipline may well be evidence of satisfactory performance. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 659-60 (9th Cir. 2002). But when an employee engages in significant misconduct that justifies removal, past performance alone cannot create a genuine issue of material fact about satisfactory performance. Here, Claflin's conduct in 2014 is not disputed—she admitted to following the surveyor and questioning employees that the surveyor interviewed. While we are mindful of the low evidentiary threshold to establish a prima facie case of discrimination, *see Opara*, 57 F.4th at 722, there is

4

no genuine dispute about the fact that Claflin engaged in conduct that jeopardized the hospital's accreditation. She therefore was not meeting the VA's legitimate performance expectations when she retired in 2014.

Second, we affirm the dismissal of Claflin's hostile work environment claim. A hostile work environment exists where the workplace is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (cleaned up). Claflin's only argument on this point is that she was criticized by her supervisors during the waitlist crisis and that this criticism caused stress and anxiety, but the record lacks evidence that this criticism occurred "because of" Claflin's age or gender. 29 U.S.C. § 623(a)(1); 42 U.S.C. § 2000e-2(a)(1). The district court correctly found there was insufficient evidence of either unlawful discrimination or a hostile work environment.

**AFFIRMED.**